IN THE SUPREME COURT OF NORTH CAROLINA

 2021-NCSC-62

 No. 76A20

 Filed 11 June 2021

 IN THE MATTER OF: M.J.R.B., Z.M.B., N.N.T.B., S.B.

 Appeal pursuant to N.C.G.S. § 7B-1001(a1)(1) and on writ of certiorari

 pursuant to N.C.G.S. § 7A-32(b) to review orders entered on 12 November 2019 by

 Judge Karen Alexander in District Court, Craven County. Heard in the Supreme

 Court on 17 February 2021.

 Peter M. Wood for respondent-appellant-father.

 Mercedes O. Chut for respondent-appellant-mother.

 Bernard Bush for petitioner-appellee Craven County Department of Social
 Services.

 J. Mitchell Armbruster for respondent-appellee guardian ad litem.

 BERGER, Justice.

¶1 On August 23, 2016, the Craven County Department of Social Services (“DSS”)

 filed petitions alleging that M.J.R.B., Z.M.B., and N.N.T.B. (collectively, the “older

 children”) were neglected and dependent juveniles. DSS alleged, among other things,

 that on August 15, 2016, three-month-old M.J.R.B. tested positive for cocaine and

 THC. The trial court ordered that the children be placed in DSS custody, and each

 parent was appointed a guardian ad litem (“GAL”) due to their mental health issues.
 IN RE M.J.R.B., Z.M.B., N.N.T.B., S.B.

 2021-NCSC-62

 Opinion of the Court

 On February 27, 2017, the trial court entered an order which adjudicated the older

 children as neglected and dependent.

¶2 On November 8, 2017, respondent-mother gave birth to S.B. S.B. tested

 positive for cocaine at birth, and DSS filed a petition alleging that S.B. was a

 dependent juvenile. S.B. was placed in nonsecure custody, and on February 20, 2018,

 the trial court entered an order adjudicating S.B. a dependent juvenile because the

 older children were in DSS custody and respondent-parents had made no progress

 toward reunification with them. In addition, respondent-parents had not complied

 with mental health treatment recommendations, and respondent-mother admitted to

 consuming cocaine while she was pregnant with S.B.

¶3 After a hearing on July 20, 2018, the trial court ceased reunification efforts

 and changed the children’s permanent plan to adoption. On August 2, 2018, DSS

 filed petitions to terminate respondent-parents’ parental rights in the minor children.

 Before the hearing began on July 2, 2019, respondent-father requested that his

 counsel and GAL be fired. In addition, respondent-father requested that the hearing

 be suspended for two hours so he could take his medication. Respondent-father made

 both of these requests outside of the presence of his attorney and GAL. The court

 denied both requests. Prior to the start of the hearing, the attorney and GAL met

 with respondent-father, and no further motions were made.

¶4 On November 12, 2019, the court entered orders terminating respondent-
 IN RE M.J.R.B., Z.M.B., N.N.T.B., S.B.

 2021-NCSC-62

 Opinion of the Court

 parents’ parental rights to the older children pursuant to N.C.G.S. § 7B-1111(a)(1),

 (2), and (6). Respondent-parents’ parental rights to S.B. were terminated pursuant

 to N.C.G.S. § 7B-1111(a)(2) and (6). Respondent-parents appeal.

 I. Standard of Review

¶5 We review a district court’s adjudication under
 N.C.G.S. § 7B-1111(a) to determine whether the findings
 are supported by clear, cogent and convincing evidence and
 the findings support the conclusions of law. Unchallenged
 findings of fact are deemed supported by competent
 evidence and are binding on appeal. Moreover, we review
 only those findings needed to sustain the trial court’s
 adjudication. The issue of whether a trial court’s findings
 of fact support its conclusions of law is reviewed de novo.
 However, an adjudication of any single ground for
 terminating a parent's rights under N.C.G.S. § 7B-1111(a)
 will suffice to support a termination order.

 In re J.S., 374 N.C. 811, 814–15, 845 S.E.2d 66, 70–71 (2020) (cleaned up).
 II. Respondent-Father’s Motion to Substitute Counsel and Motion to
 Continue

¶6 Respondent-father argues the trial court erred by failing to sufficiently inquire

 about his request for new counsel and a new GAL before the termination hearing

 began when neither his attorney nor his GAL were present. Respondent-father

 further alleges that the trial court erred when it declined to postpone the hearing for

 two hours so respondent-father could take his medication. We disagree.

 A. Motion to Substitute Counsel

¶7 Parents in a termination of parental rights proceeding have “the right to

 counsel, and to appointed counsel in cases of indigency, unless the parent waives the
 IN RE M.J.R.B., Z.M.B., N.N.T.B., S.B.

 2021-NCSC-62

 Opinion of the Court

 right.” In re K.M.W., 376 N.C. 195, 208–09, 851 S.E.2d 849, 859 (2020). In addition,

 “the court may appoint a guardian ad litem for a parent who is incompetent in

 accordance with G.S. 1A-1, Rule 17.” N.C.G.S. § 7B-1101.1(c) (2019). “A parent

 qualifying for appointed counsel may be permitted to proceed without the assistance

 of counsel only after the court examines the parent and makes findings of fact

 sufficient to show that the waiver is knowing and voluntary.” N.C.G.S. § 7B-602(a1)

 (2019).

¶8 Here, the trial court made the following relevant findings related to

 respondent-father’s request:

 Prior to the hearing in this matter, the Respondent Father
 made a motion to dismiss his attorney. The court finds good
 cause to deny this motion. Let it also be noted that both
 respondents appeared highly anxious at the start of the
 proceedings. This court noted their anxiety and frustration
 and privately requested the attending court bailiffs to show
 some flexibility with court decorum and not to immediately
 apprehend and or interrupt the respondents if there were
 angry outbursts from the respondents. Also, this court
 denied the respondents to discharge their counsel but told
 them they would be allowed to ask additional questions of
 witnesses personally if their attorney did not ask a
 question they wanted. Moving forward, the respondents
 appeared satisfied and comfortable with this ruling.

¶9 Respondent-father’s motions were made prior to the termination hearing and

 outside the presence of his attorney and GAL. The trial court accommodated

 respondent-father with relaxed courtroom rules during this time. After considering

 respondent-father’s request, the trial court found good cause to deny respondent-
 IN RE M.J.R.B., Z.M.B., N.N.T.B., S.B.

 2021-NCSC-62

 Opinion of the Court

 father’s motion. Once respondent-father’s attorney and GAL arrived at the hearing,

 they conferred with respondent-father and no further motions were made by

 respondent-father or his attorney. Respondent-father presented no additional

 information, at trial or on appeal, to make a requisite showing of “good cause” to

 substitute counsel.

¶ 10 Because respondent-father made these motions prior to the hearing and

 outside the presence of counsel and his GAL, failed to present good cause to warrant

 removal of his attorney at the trial court, and did not renew these motions or

 otherwise address the matter when counsel arrived for the hearing, the trial court

 did not abuse its discretion in denying respondent-father’s motion to substitute

 counsel.

 B. Motion to Continue

¶ 11 Respondent-father also argues that the trial court abused its discretion when

 it denied his request for a two-hour continuance to take his medication.

 Ordinarily, a motion to continue is addressed to the
 discretion of the trial court, and absent a gross abuse of
 that discretion, the trial court's ruling is not subject to
 review. If, however, the motion is based on a right
 guaranteed by the Federal and State Constitutions, the
 motion presents a question of law and the order of the court
 is reviewable. . . . Moreover, regardless of whether the
 motion raises a constitutional issue or not, a denial of a
 motion to continue is only grounds for a new trial when
 defendant shows both that the denial was erroneous, and
 that he suffered prejudice as a result of the error.
 IN RE M.J.R.B., Z.M.B., N.N.T.B., S.B.

 2021-NCSC-62

 Opinion of the Court

 In re A.L.S., 374 N.C. 515, 516–17, 843 S.E.2d 89, 91 (2020) (cleaned up). Here,

 respondent-father has failed to show that the denial of his motion to delay the hearing

 was erroneous, or that he was prejudiced by the trial court’s denial of his motion.

 Thus, the trial court did not abuse its discretion in denying respondent-father’s

 motion to continue.

 III. Respondent-Parents’ Parental Rights to the Older Children

¶ 12 Respondent-mother argues that the trial court erred when it terminated her

 parental rights because DSS did not make reasonable efforts to work with her, and

 there was no evidence of lack of fitness as of the termination hearing. We disagree.

 A. Respondent-Mother’s Parental Rights

¶ 13 A court may terminate parental rights if grounds exist under N.C.G.S. § 7B-

 1111(a), and the trial court determines that termination is in the best interest of the

 juvenile. See N.C.G.S. § 7B-1111(a) (2019); N.C.G.S. § 7B-1110(a). Here, the trial

 court determined that grounds existed to terminate respondent-mother’s parental

 rights to the older children pursuant to N.C.G.S. § 7B-1111 (a)(1), (2), and (6).

¶ 14 Grounds for terminating a parent’s rights to a juvenile exist under N.C.G.S. §

 7B-1111(a)(2) when:

 The parent has willfully left the juvenile in foster care or
 placement outside the home for more than 12 months
 without showing to the satisfaction of the court that
 reasonable progress under the circumstances has been
 made in correcting those conditions which led to the
 removal of the juvenile. No parental rights, however, shall
 IN RE M.J.R.B., Z.M.B., N.N.T.B., S.B.

 2021-NCSC-62

 Opinion of the Court

 be terminated for the sole reason that the parents are
 unable to care for the juvenile on account of their poverty.

 N.C.G.S. § 7B-1111(a)(2) (2019).

¶ 15 The trial court made the following unchallenged findings of fact:

 1. The Petitioner, the Craven County Department of
 Social Services, was granted custody of the [older children]
 by non-secure Custody Orders dated August 24, 2016, and
 subsequent orders in this matter . . . .

 ....

 14. Regarding the Respondent Mother's level of
 compliance with the orders of the court for her to facilitate
 reunification, [as stated earlier in the order]:

 a. The Respondent Mother failed to [s]ubmit to
 a full psychological assessment, to include a
 substance abuse assessment and a parenting
 capacity inventory, with an approved and licensed
 clinician.

 b. The Respondent Mother failed to submit to a
 domestic violence assessment and follow all
 recommendations. She appeared for the assessment
 with [respondent-father], and they refused to allow
 her to be interviewed without him present. As a
 result, the [a]ssessment could not be completed.

 c. The Respondent Mother failed to [s]ubmit to
 random drug screens immediately upon the request
 of the Craven County Department of Social Services.
 She submitted to an initial assessment for drug
 screen but failed to submit to subsequent drug
 screens. Drug screens were requested on 1/18/17,
 1/30/17, 2/16/17, 3/18/17, 3/14/17, 5/25/17, 6/5/17,
 6/27/17, 7/7/17, 3/13/18, 8/21/17, 1/24/17, 4/3/18,
 8/29/18, 5/12[/]17, 4/20/18, and she refused to submit
 to drug screens every time.
 IN RE M.J.R.B., Z.M.B., N.N.T.B., S.B.

 2021-NCSC-62

 Opinion of the Court

d. The Respondent Mother failed to submit to
random pill counts and medication monitoring
immediately upon the request of the Craven County
Department of Social Services.

e. The Respondent Mother failed to execute all
necessary releases such that the Craven County
Department of Social [Services] may access all
medical, mental health and substance abuse records
for the Respondent Parent, until December 2018.

f. The Respondent Mother failed to attend
parenting referral appointments on the following
dates: 1/22/17, 3/22/17, 7/11/17, 1/13/18, 3/13/18,
1/3/19. She started attending EPIC parenting
classes in April 2018 but did not complete that
parenting program.

g. The Respondent Mother failed to make the
Craven County Department of Social Services aware
of her residence; however, she did maintain contact
with the social workers to inquire about the minor
children. The Social Worker testified that this was
the Respondent Mother's one strength.

h. The Respondent Mother failed to submit to a
full psychological assessment and a
recommendation from a mental health professional
of safety and mental health stability of the
Respondent Mother. The court ordered that visits
would be suspended until the respondents
submitted themselves for a mental health
evaluation due to safety concerns. Therefore, no
visitations or any other communication between the
parents and minor children took place. The
Respondent Parents made repeated requests to visit
since that order of suspension. While the
Respondent Parents have not caused or attempted
to cause any bodily injury to Craven County
Department of [S]ocial [S]ervices staff, they have
made threats of bodily injury against the staff. As a
 IN RE M.J.R.B., Z.M.B., N.N.T.B., S.B.

 2021-NCSC-62

 Opinion of the Court

 result, neither Respondent Parent has visited the
 minor children since September 16, 2016.

 ....

 100. The Respondent Parents' inability to make
 reunification efforts and their inability to care for the
 minor child is not caused by poverty.

 ....

 155. Independent of any other grounds found by this
 court, the parental rights of the Respondent Parents
 should be terminated due to the following grounds as set
 forth in North Carolina General Statutes, Sections 7B-
 1111(a)(2):

 a. Respondent Parents have willfully left the
 juvenile in foster care or placement outside the home
 for more than 12 months without showing to the
 satisfaction of the court that reasonable progress
 under the circumstances has been made within 12
 months in correcting those conditions which led to
 the removal of the juvenile.

¶ 16 Because respondent-mother did not challenge these findings of fact, they are

 binding on appeal. See Koufman v. Koufman, 330 N.C. 93, 97, 408 S.E.2d 729, 731

 (1991). These unchallenged findings of fact support the trial court’s conclusion of law

 that “grounds authorizing Termination of Parental Rights exist” pursuant to

 N.C.G.S. § 7B-1111(a)(2). Further, the trial court found that it was in the best

 interests of the older children that respondent-mother’s parental rights be

 terminated. Accordingly, because the trial court’s findings of fact support its

 conclusion of law, the trial court did not err when it terminated respondent-mother’s
 IN RE M.J.R.B., Z.M.B., N.N.T.B., S.B.

 2021-NCSC-62

 Opinion of the Court

 parental rights to the older children pursuant to N.C.G.S. § 7B-1111(a)(2).

¶ 17 Because grounds existed to terminate respondent-mother’s parental rights

 under (a)(2), we need not address the trial court’s order to terminate parental rights

 under subsections (a)(1), (a)(5), or (a)(6). In re J.S., 374 N.C. 811, 815, 845 S.E.2d 66,

 71 (2020) (“an adjudication of any single ground for terminating a parent’s rights

 under N.C.G.S. § 7B-1111(a) will suffice to support a termination order.”).

 B. Respondent-Father’s Parental Rights

¶ 18 The trial court terminated respondent-father’s parental rights to the older

 children under N.C.G.S. § 7B-1111 (a)(1), (2), (5), and (6). With regard to section

 (a)(5), the trial court’s findings of fact relating to establishment of paternity were

 unchallenged by respondent-father.

¶ 19 A trial court may terminate the parental rights of a father under N.C.G.S. §

 7B-1111(a)(5) states:

 The father of a juvenile born out of wedlock has not, prior
 to the filing of a petition or motion to terminate parental
 rights, done any of the following:

 a. Filed an affidavit of paternity in a central
 registry maintained by the Department of Health
 and Human Services. The petitioner or movant shall
 inquire of the Department of Health and Human
 Services as to whether such an affidavit has been so
 filed and the Department's certified reply shall be
 submitted to and considered by the court.

 b. Legitimated the juvenile pursuant to
 provisions of G.S. 49-10, G.S. 49-12.1, or filed a
 IN RE M.J.R.B., Z.M.B., N.N.T.B., S.B.

 2021-NCSC-62

 Opinion of the Court

 petition for this specific purpose.

 c. Legitimated the juvenile by marriage to the
 mother of the juvenile.

 d. Provided substantial financial support or
 consistent care with respect to the juvenile and
 mother.

 e. Established paternity through G.S. 49-14,
 110-132, 130A-101, 130A-118, or other judicial
 proceeding.

 N.C.G.S. § 7B-1111(a)(5) (2019).

¶ 20 Here, respondent-father does not challenge the findings of fact related to

 paternity, and therefore, they are binding on appeal. See Koufman, 330 N.C. at 97,

 408 S.E.2d at 731. Further, respondent-father does not challenge the sufficiency of

 the grounds to terminate his parental rights to the older children pursuant to

 N.C.G.S. § 7B-1111(a)(5), or that termination was in the best interests of the older

 children. Because respondent-father presents no challenge to the sufficiency of these

 grounds, we affirm the trial court’s order terminating respondent-father’s rights to

 the older children under N.C.G.S. § 7B-1111(a)(5).

 IV. Respondent-Parents’ Parental Rights to S.B.

¶ 21 The trial court’s order terminated respondent-parents’ parental rights to S.B.

 under N.C.G.S. § 7B-1111(a)(2), (5), and (6). Again, respondent-father failed to

 challenge the sufficiency of any grounds for termination or the trial court’s best

 interests determination. Therefore, we affirm the order terminating respondent-
 IN RE M.J.R.B., Z.M.B., N.N.T.B., S.B.

 2021-NCSC-62

 Opinion of the Court

 father’s parental rights to S.B. under N.C.G.S. § 7B-1111(a)(5).

¶ 22 However, respondent-mother argues that the trial court erred when it

 terminated her parental rights to S.B. under N.C.G.S. § 7B-1111(a)(2) and (6).

 Specifically, respondent-mother contends that (1) termination was improper under

 N.C.G.S. § 7B-1111(a)(2) because only 9 months elapsed between the placement by

 DSS and the filing of the termination petition, and (2) the trial court failed to make

 sufficient findings under the (a)(6) standard. We agree.

¶ 23 N.C.G.S. § 7B-1111(a)(2) states:

 The parent has willfully left the juvenile in foster care or
 placement outside the home for more than 12 months
 without showing to the satisfaction of the court that
 reasonable progress under the circumstances has been
 made in correcting those conditions which led to the
 removal of the juvenile. No parental rights, however, shall
 be terminated for the sole reason that the parents are
 unable to care for the juvenile on account of their poverty.

 N.C.G.S. § 7B-1111(a)(2).

¶ 24 The plain language of N.C.G.S. § 7B-1111(a)(2) requires the trial court to look

 at the parent’s reasonable progress over a twelve-month period. Because only nine

 months elapsed between the custody order for S.B. and the filing of the termination

 petition, this subsection is inapplicable. Thus, the trial court erred in terminating

 parental rights under N.C.G.S. § 7B-1111(a)(2).

¶ 25 Respondent-mother further contends that the trial court committed reversible

 error when it terminated her parental rights under N.C.G.S. § 7B-1111(a)(6) because
 IN RE M.J.R.B., Z.M.B., N.N.T.B., S.B.

 2021-NCSC-62

 Opinion of the Court

 the trial court failed to make sufficient findings of fact regarding the lack of

 alternative care arrangements, failed to identify the condition that rendered

 respondent-mother incapable of providing proper care, and failed to make a finding

 that the condition would persist for the foreseeable future.

¶ 26 N.C.G.S. § 7B-1111(a)(6) states:

 That the parent is incapable of providing for the proper
 care and supervision of the juvenile, such that the juvenile
 is a dependent juvenile within the meaning of G.S. 7B-101,
 and that there is a reasonable probability that the
 incapability will continue for the foreseeable future.
 Incapability under this subdivision may be the result of
 substance abuse, intellectual disability, mental illness,
 organic brain syndrome, or any other cause or condition
 that renders the parent unable or unavailable to parent the
 juvenile and the parent lacks an appropriate alternative
 child care arrangement.

 N.C.G.S. § 7B-1111(a)(6) (2019).

¶ 27 After a thorough review of the record, we conclude the trial court has not made

 sufficient findings to support the termination of parental rights under N.C.G.S. § 7B-

 1111(a)(6). As respondent-mother notes, the trial court failed to find the absence of

 an acceptable alternative childcare arrangement, did not identify the condition that

 rendered respondent-mother incapable of parenting S.B., and did not address the

 issue of whether respondent-mother’s condition would continue for the foreseeable

 future. Again, while there may be sufficient evidence in the record, the lack of

 sufficient findings compels us to vacate the order terminating parental rights to S.B.,
 IN RE M.J.R.B., Z.M.B., N.N.T.B., S.B.

 2021-NCSC-62

 Opinion of the Court

 and remand this matter back to the trial court for hearing additional evidence, if

 necessary, and entry of a new order.

 V. Conclusion

¶ 28 The trial court did not abuse its discretion when it denied respondent-father’s

 request to substitute counsel and continue the case for respondent-father to take

 medication. In addition, we affirm the orders terminating respondent-father’s

 parental rights to the minor children under N.C.G.S § 7B-1111(a)(5). We further

 affirm the orders terminating respondent-mother’s parental rights to the older

 children pursuant to N.C.G.S. § 7B-1111(a)(2). We vacate and remand the order

 terminating respondent-mother’s parental rights to S.B. under N.C.G.S § 7B-

 1111(a)(6) for further proceedings consistent with this opinion.

 AFFIRMED IN PART; VACATED AND REMANDED IN PART.